**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

CALVIN COOLIDGE MURRAY, III,

Plaintiff,

v.

YESCARE, INC., *et al*.,

Defendants.

Civil Action No.: PX-23-2706

**MEMORANDUM OPINION**

Plaintiff Calvin Coolidge Murray, a Maryland inmate, has filed suit pursuant to 42 U.S.C. § 1983, alleging that he received constitutionally inadequate medical treatment. ECF No. 4. He names as Defendants "YesCare Corp.", Angela Matthews, and Stephanie Cyran,[2] Warden "Bailey" for the Eastern Correction Institution, and "R.N. Johnson." *Id.* at 1-3.[4] Defendants move to dismiss the Complaint, or alternatively for summary judgment to be granted in their favor. ECF Nos. 13, 18. The Clerk of the Court notified Murray of his right to respond. ECF Nos. 16, 21. To date, Murray has not done so, and the time for responding has passed. The Court has reviewed the pleadings and no hearing is necessary, *see* Local Rule 105.6 (D. Md. 2021). For the

[2] The Clerk shall update the docket to reflect Defendants' full and correct names. *See* ECF No. 10 at 1.

[4] The Amended Complaint also alleges that prison staff are opening and reading Murray's legal mail, and he asks the Court to enjoin the practice. ECF No. 4 at 6. Because this allegation is wholly unrelated to his denial of medical care claim, the Court will not address it. Should Murray wish to pursue any claims arising from the opening of his legal mail, he must file a separate complaint. Alternatively, even if the Court reached the merits of the request, it would deny injunctive relief. Injunctive relief is an extraordinary remedy to be invoked only when the Plaintiff demonstrates (1) that he is likely to succeed on the merits of his claim; (2) that he would be irreparably harmed absent the requested relief; (3) that the balance of equities tips in favor of injunction; and (4) that injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20-23 (2008). Whether the Court looks to the claims in the Amended Complaint or the bare allegation that officials are opening Murray's mail, Murray has failed to demonstrate that he is likely to succeed on the merits. Thus, he is not entitled to injunctive relief.

reasons discussed below, Defendants YesCare Corp., Matthews, Bailey, and Johnson will be dismissed from this action, and summary judgment will be granted in Cyran's favor.

## I. Background

According to the Amended Complaint, Murray filed several sick call slips in July and August of 2023 requesting medical attention for dizziness, heart palpitations and chest pain. ECF No. 4. When he finally was summoned to the medical unit, Defendant Johnson gave Murray Motrin and sent him back to his housing unit. *Id.* at 4. Murray asserts that his symptoms did not abate, and on August 5, Defendant Cyran and an "unknown nurse" administered an electrocardiogram ("EKG") that revealed a "1st degree A.V. block" in his heart. *Id.* Murray claims that he returned to his cell with no further treatment and thereafter suffered "mild stroke" in his sleep, which left his face "permanently twisted." *Id.*

Defendants have submitted Murray's relevant medical record. Nothing in the record reflects that Murray had put in any sick call request in July or August 2023 for complaints related to chest pain, heart palpitations, or "any other cardiac issue." ECF No. 13-2 at 2. Rather, Murray had submitted a sick call slip on May 22, 2023, in which he complained of sharp, shooting pain, and he requested a full physical. ECF No. 13-5 at 18-19. About a week later, Murray declined a sick call visit because he felt better. Then on June 22, he refused a physical examination. *Id.* at 9; ECF No. 13-4 at 7.

The medical record also does not include any evidence that Cyan treated Murray for any heart related issue. *See* ECF No. 13-2 at 3 (citing ECF No. 13-5 at 17). But the record does reflect that on August 30, 2023, Nurse Jennifer Adrion examined Murray for complaints of chest pain. ECF No. 13-4 at 3. At that time, Murray reported that he was experiencing a rapid heartbeat and shortness of breath for the last three months. *Id.* at 5. Adrion noted that Murray was alert and

oriented but anxious; his smile was symmetrical, breathing was normal, lungs were clear, heart rate and rhythm were regular, heart sounds were normal, chest movement was symmetrical, and Murray's skin was warm and dry. *Id.* at 3-6. Adrion contacted Dr. Matera, who ordered an EKG and compared it to an EKG from June 25, 2022, which revealed no acute changes. *Id.* at 6. Adrion's notes reflect that Dr. Matera reported a first-degree A.V. block, and he ordered a follow-up with a provider. *Id.*[5] Murray was also seen for complaints of chest pain on September 17 and October 11, 2023, but not by any named Defendant. ECF No. 13-3 at 23, 26.

Defendants move to dismiss the Complaint, or in the alternative, to grant summary judgment in their favor. ECF No. 13, 18. As to YesCare Corp., Matthews, and Warden Bailey, each argues that Murray alleges no wrongdoing as to them, and so they are entitled to dismissal from suit. ECF No. 13-1 at 9. Nurse Cyran argues that nothing in the record demonstrates she provided constitutionally inadequate are, and so summary judgment should be granted in her favor. *Id.* at 10.

## II. Standard of Review

Motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment under Rule 56 implicate the court's discretion under Rule 12(d). *See Kensington Vol. Fire Dep't., Inc. v. Montgomery Cty.*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011), *aff'd*, 684 F.3d 462 (4th Cir. 2012). Rule 12(d) provides that when "matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The court maintains "'complete discretion to determine whether or not to accept the submission of any material beyond

---

[5] An A.V. block is "defined by [EKG] changes that include a PR interval of greater than 0.20 without disruption of atrial to ventricular conduction;" it is "generally asymptomatic, without significant complications, and discovered only on routine [EKG]." ECF No. 13-4 at 4.

the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.'" *Wells-Bey v. Kopp*, No. ELH-12-2319, 2013 WL 1700927, at *5 (D. Md. Apr. 16, 2013) (quoting 5C Wright & Miller, *Federal Practice & Procedure* § 1366, at 159 (3d ed. 2004, 2012 Supp.)).

Defendants' motions placed Murray on notice that they seek summary judgment, and Murray has not objected. ECF Nos. 16, 21. But the Amended Complaint alleges wrongdoing only as to Defendant Cyran. Thus, the Court will treat the Defendants motion as one to dismiss save for Defendant Cyran, whose motion will be considered as one for summary judgment. *See, e.g., Moret v. Harvey*, 381 F. Supp. 2d 458, 464 (D. Md. 2005).

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). The Court accepts "the well-pled allegations of the complaint as true," and construes all facts and reasonable inferences most favorably to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). Because Murray proceeds pro se, the Court gives the pleadings an especially charitable reading to let all potentially viable claims move forward. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "even a pro se complaint must be dismissed if it does not allege a 'plausible claim for relief.'" *Forquer v. Schlee*, No. RDB-12-969, 2012 WL 6087491, at *3 (D. Md. Dec. 4, 2012) (quoting *Iqbal*, 556 U.S. at 679).

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in [his] favor without weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002). Importantly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting Fed. R. Civ. P. 56(e)). A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 249-50.

**III. Analysis**

The Amended Complaint effectively alleges that Murray received inadequate medical treatment constituting a violation of his Eighth Amendment right to be free from cruel and unusual punishment. ECF No. 4. Accordingly, the claim will not survive as to any named defendant unless the Amended Complaint makes plausible that the defendant delayed or denied required medical care with deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Deliberate indifference is a very high standard – a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695- 96 (4th Cir. 1999). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner was suffering from a serious medical need and that, subjectively, the prison staff, aware of prisoner's need for medical attention,

and failed to either provide such care or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016). "A medical condition is shown as objectively serious when it 'would result in further significant injury or unnecessary and wanton infliction of pain if not treated." *Formica v. Aylor*, 739 Fed Appx. 745 (4th Cir. 2018), *citing Gayton v. McKoy,* 593 F.3d 610, 620 (7th Cir. 2010).

Additionally, as to a defendant's subjective recklessness, "[t]rue subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Va. Beach Corr. Ctr.*, 58 F.3d 101, 105 (4th Cir. 1995) (quoting *Farmer*, 511 U.S. at 844).

Turning first to Defendants Warden Bailey, YesCare Corp., and Matthews; each is named solely in the case caption. Nothing in the Amended Complaint makes plausible that they had any involvement in Murray's care. Nor does the Amended Complaint plead any facts to make plausible any supervisory liability. ECF No. 1. A supervisory official cannot be held liable for the acts of a subordinate unless the supervisor's "indifference or tacit authorization of subordinates' misconduct" can be deemed to have caused the injury to the plaintiff. *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). No such allegations have been pleaded. Thus, Defendants YesCare, Warden Bailey[6] and Matthews are dismissed from this action.

[6] Warden Bailey also moves to seal an exhibit because it includes Murray's medical records. ECF No. 20. Local Rule 105.11 (D. Md. 2023) requires the movant to include "(a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." The Rule is designed to assist the Court in balancing the public's right to access judicial records against specific compelling privacy interests that may outweigh the public interest. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *see also In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Because Bailey has not

Next, although Defendant Johnson had not been served in this case, the Court still must screen the Amended Complaint for legal sufficiency of the allegations against her. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). At best, Johnson is alleged to have called Murray to medical, gave him Motrin, and sent him back to his housing unit. ECF No. 1 at 4. But nothing suggests that Johnson had denied Murray adequate medical care with deliberate indifference. Nurse Johnson, too, must be dismissed from the suit.

Last as to Nurse Cyran, the Amended Complaint alleges that Cyran personally deprived Murray of constitutionally adequate medical care. ECF No. 4. When viewing the evidence most favorably to Murray, nothing suggests that Cyran denied or delayed medical care at all, let alone with deliberate indifference to Murray's medical needs. Murray's mere accusation that Cyran had been negligent in executing her duties will not suffice. Thus, the Court grants summary judgment in Cyran's favor.

**IV. Conclusion**

For the foregoing reasons, the Defendants' motions will be granted. YesCare Corp. and Angela Matthews are dismissed from this action. Summary Judgment is granted in favor of Stephanie Cyran. Warden Bailey's Motion is also granted, and he is dismissed from this action. Johnson is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

A separate Order follows.

/S/

Paula Xinis
United States District Judge

explained why nothing short of sealing the entire document will do, and because Bailey did not even file the medical record as part of his pleading, the motion is denied.